IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASQUALE T. DEON, SR. and MAGGIE HARDY MAGERKO | : | |
| **Plaintiff** | : | |
| | : | No. 1:17-CV-1454 |
| v. | : | |
| | : | (Judge Rambo) |
| DAVID M. BARASCH, KEVIN F. O'TOOLE, RICHARD G. JEWELL, SEAN LOGAN, KATHY M. MANDERINO, MERRITT C. REITZEL, WILLIAM H. RYAN, JR., DANTE SANTONI JR., PAUL MAURO, CYRUS PITRE *and* JOSH SHAPIRO, | : : : : : : : : | Electronically Filed Document<br><br>*Complaint Filed 08/15/17* |
| **Defendants** | : | |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

AND NOW, come Defendants, David M. Barasch, Kevin F. O'Toole, Richard G. Jewell, Sean Logan, Kathy M. Manderino, Merritt C. Reitzel, William H. Ryan, Jr., Dante Santoni, Jr., Paul Mauro, Cyrus Pitre, and Josh Shapiro, by and through their counsel, and respond to Plaintiff's First Amended Complaint as follows:

1. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, Section 1513 of the Gaming Act is a written document that speaks for itself.

2. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, Section 1513 of the Gaming Act is a written document that speaks for itself.

3. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, Section 1513 of the Gaming Act is a written document that speaks for itself.

4. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

5. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

## Jurisdiction and Venue

6. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

7. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

8. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

9. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

## The Parties

10. ADMITTED upon information and belief.

11. ADMITTED.

12. ADMITTED.

13. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

14. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Cons. Stat. §§ 1103 and 1513 are written documents that speak for themselves.

15. It is ADMITTED, upon information and belief, and Plaintiff Maggie Hardy Magerko is the beneficiary of a trust, which trust is the owner of Nemacolin Woodlands Inc. and that, in turn, Nemacolin owns Woodlands Fayette, LLC, which is a privately held gaming business licensed under the Gaming Act. The remaining averments of this numbered paragraph contain CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent they may be deemed factual, it is DENIED. By way of further response, 4 Pa. Cons. Stat. §§ 1325(d)(1) is a written documents that speaks for itself.

16. ADMITTED.

17. ADMITTED.

18. ADMITTED.

19. ADMITTED.

20. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Cons. Stat. §1513 is a written document that speak for itself.

21. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

22. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1513 is a written document that speaks for itself.

23. After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegations contained within this numbered paragraph; therefore the same are DENIED.

24. Upon information and belief, ADMITTED.

25. After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegations contained within this numbered paragraph; therefore the same are DENIED.

26. Upon information and belief, ADMITTED.

27. After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegations contained within this numbered paragraph; therefore the same are DENIED.

28. After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegation contained within this numbered paragraph that Mr. Deon and Ms. Magerko desire to make political contributions to various candidates and organizations in the Commonwealth; therefore the same is DENIED. By way of further response, this numbered paragraphs contains a CONCLUSION OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

29. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1513 is a written document that speaks for itself.

30. ADMITTED.

31. ADMITTED.

32. ADMITTED.

33. ADMITTED

34. ADMITTED.

35. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

36. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

37. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

38. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

**The Gaming Act**

39. ADMITTED.

40. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1201 is a written document that speaks for itself.

41. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1517 is a written document that speaks for itself.

42. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1301 is a written document that speaks for itself.

43. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1513 is a written document that speaks for itself.

44. This numbered paragraphs contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1513 is a written document that speaks for itself.

45. ADMITTED.

46. ADMITTED in part; DENIED in part. It is ADMITTED only that the ban in § 1513 was first adopted on July 5, 2004. The remainder of this numbered

paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

47. After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegations contained within this numbered paragraph; therefore the same are DENIED.

48. ADMITTED in part; DENIED in part. It is ADMITTED only that § 1513 remained in force and was unchallenged for nearly four years. The remainder of this numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, the *DePaul* opinion is a written document that speaks for itself.

49. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, the *DePaul* opinion is a written document that speaks for itself.

50. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, the *DePaul* opinion is a written document that speaks for itself.

51.   ADMITTED.

52.   This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED. By way of further response, 4 Pa. Const. Stat. § 1102 (2017) is a written document that speaks for itself.

53.   This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

54.   After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegations contained within this numbered paragraph; therefore the same are DENIED.

55.   DENIED as stated.

## Constitutional Principles

56.   This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

**A.    Freedom of Speech**

57.-64.  These numbered paragraphs contain CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent they may be deemed factual, they are DENIED.

**B. The Equal Protection Clause**

65.-68.  These numbered paragraphs contain CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent they may be deemed factual, they are DENIED.

69.-77.  These numbered paragraphs contain CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent they may be deemed factual, they are DENIED.

78.-83.  These numbered paragraphs contain CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent they may be deemed factual, they are DENIED.

84.  After reasonable investigation, Defendants are without sufficient information so as to form a belief as to the truth or veracity of the allegation contained within this numbered paragraph that Mr. Deon and Ms. Magerko currently wish to make political contributions to various candidates, organizations, and causes in Pennsylvania; therefore the same is DENIED. The remainder of this

numbered paragraph contains a CONCLUSION OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

85. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

86. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

87. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

## COUNT I

88. Defendants hereby incorporate by reference all of their responses in paragraphs 1-87 as though fully set forth herein.

89. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

90. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

91. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

92. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

93. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

94. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

95. DENIED and strict proof thereof is demanded.

## COUNT II

100.[sic]   Defendants hereby incorporate by reference all of their responses in paragraphs 1-95 as though fully set forth herein.

101. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

102. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

103. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

104. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

105. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

106. This numbered paragraph contains CONCLUSIONS OF LAW to which NO RESPONSE is required. To the extent it may be deemed factual, it is DENIED.

107. DENIED and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS above, Defendants assert the following AFFIRMATIVE DEFENSES.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint is barred by the doctrine of qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint is barred because this Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint must be dismissed because Plaintiffs lack standing.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint must be dismissed because it is not ripe.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint must be dismissed because, as it relates to the First Amendment claims, the provisions challenged do not impose a significant burden on Plaintiffs—in fact, any burden is *de minimis*—and the provision challenged furthers legitimate Commonwealth interests.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint must be dismissed because Section 1513 of the Gaming Act is narrowly tailored to accomplish compelling state interests and is closely drawn to accomplish the same important government interests.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint must be dismissed as it relates to all facial challenges, because Plaintiffs cannot demonstrate that there are no set of circumstances that exist under which the provision would be valid.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for declaratory relief are barred by Eleventh Amendment Immunity.

WHEREFORE, Defendants respectfully request that this Court grant judgment in their favor, dismiss the First Amended Complaint with prejudice, and award Defendants their reasonable attorney's fees and costs associated with defending this matter.

          **Respectfully submitted,**

          **JOSH SHAPIRO**
          **Attorney General**

          **By:**   *s/ Karen M. Romano*

**Office of Attorney General**    **KAREN M. ROMANO**
**15th Floor, Strawberry Square**  **Deputy Attorney General**
**Harrisburg, PA 17120**    **Attorney ID 88848**

**Phone: (717) 787-2717**    **ALLISON DEIBERT**
**kromano@attorneygeneral.gov**  **Deputy Attorney General**
**adeibert@attorneygeneral.gov**  **Attorney ID 309224**

**Date:  November 3, 2017**    **KENNETH L. JOEL**
          **Chief Deputy Attorney General**
          **Chief, Civil Litigation Section**

          **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PASQUALE T. DEON, SR.** and **MAGGIE HARDY MAGERKO** : | |
| **Plaintiffs** : | |
| : | No. 1:17-CV-1454 |
| v. : | |
| : | Judge Rambo |
| **DAVID M. BARASCH, KEVIN F. O'TOOLE, RICHARD G. JEWELL, SEAN LOGAN, KATHY M. MANDERINO, MERRITT C. REITZEL, WILLIAM H. RYAN, JR., DANTE SANTONI JR., PAUL MAURO, CYRUS PITRE** and **JOSH SHAPIRO,** : | Electronically Filed Document |
| : | *Complaint Filed 08/15/17* |
| **Defendants** : | |

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 3, 2017, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer with Affirmative Defenses to the First Amended Complaint to the following via ECF:


| | |
|---|---|
| **Adam A. Desipio, Esquire**<br>**Courtney G. Saleski, Esquire**<br>**Timothy J. Lowry, Esquire**<br>**Nathan P. Heller, Esquire**<br>**DLA Piper LLP**<br>**One Liberty Place**<br>**1650 Market Street, Suite 4900**<br>**Philadelphia, PA  17103-7300**<br>adam.desipio@dlapiper.com<br>courtney.saleski@dlapiper.com<br>timothy.lowry@dlapiper.com<br>Nathan.heller@dlapiper.com<br>*Counsel for Plaintiff Deon* | **Amanda L. Morgan, Esquire**<br>**Jesse C. Medlong, Esquire**<br>**DLA Piper LLP**<br>**555 Mission Street, Suite 2400**<br>**San Francisco, CA  94105**<br>amanda.morgan@dlapiper.com<br>jesse.medlong@dlapiper.com<br>*Counsel for Plaintiff Deon*<br><br>**Alexander Saksen, Esquire**<br>**S. Manoj Jegasothy, Esquire**<br>**Gavin Eastgate, Esquire**<br>**Lee K. Goldfarb, Esquire**<br>**Gordon & Rees LLP** |
| **John J. Hamill, Esquire**<br>**DLA Piper LLP**<br>**444 West Lake Street, Suite 900**<br>**Chicago, IL  60606-0089**<br>john.hamill@dlapiper.com<br>*Counsel for Plaintiff Deon* | **707 Grant Street, Suite 3800**<br>**Pittsburgh, PA 15219**<br>asasken@grsm.com<br>mjegasothy@grsm.com<br>geastgate@grsm.com<br>lgoldfarb@grsm.com<br>*Counsel for Plaintiff Magerko* |

      *s/ Karen M. Romano*
      **KAREN M. ROMANO**
      Deputy Attorney General