IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PASQUALE T. DEON, SR., and MAGGIE HARDY MAGERKO,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DAVID M. BARASCH, KEVIN F. O'TOOLE, RICHARD G. JEWELL, SEAN LOGAN, KATHY M. MANDERINO, MERRITT C. REITZEL, WILLIAM H. RYAN, JR., and DANTE SANTONI JR., Members of the Pennsylvania Gaming Control Board, in their official capacities; PAUL MAURO, Director of the Pennsylvania Gaming Control Board's Bureau of Investigation and Enforcement, in his official capacity; CYRUS PITRE, Director of the Pennsylvania Gaming Control Board's Office of Enforcement Counsel, in his official capacity; and JOSH SHAPIRO, Attorney General of Pennsylvania, in his official capacity,**<br><br>**Defendants.** | Civil No. 1:17-cv-1454<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Presently before the court is the motion for a stay pending appeal (Doc. 69,) filed by Defendants, members or employees of the Pennsylvania Gaming Control Board and the Attorney General of Pennsylvania, ("Defendants"). Defendants seek a stay of this court's order dated September 19, 2018, which granted declaratory judgment in favor of Plaintiffs Pasquale T. Deon, Sr., and Maggie Hardy Magerko (collectively, "Plaintiffs") and declared Section 1513 of the

Pennsylvania Gaming Act, 4 Pa. C.S. § 1513, unconstitutional under the First Amendment of the United States Constitution. (Doc. 58.) For the reasons that follow, Defendants' motion will be denied.

## I.    <u>Background</u>

The factual background of this case was set forth in full in this court's previous memorandum dated September 19, 2018. (Doc. 57.) In short, Plaintiffs, owners of privately held gaming business licensees, sought a declaration that Section 1513 violated the First Amendment's protection for freedom of speech because it limited political contributions of any amount by individuals who were owners or principals of gaming licensees. This court granted Plaintiffs' motion for summary judgment and declared that Section 1513 was unconstitutional. (Doc. 58.) Defendants subsequently appealed from this court's order and now seek a stay of that order pending disposition of said appeal. The matter has been fully briefed and is ripe for disposition.

## II.    <u>Legal Standard</u>

The decision to grant a stay pending appeal is within the discretion of the district court. *Cost Bros. v. Travelers lndem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). A party seeking such a stay must demonstrate that (1) it has a substantial likelihood of success on the merits of its appeal; (2) it will suffer irreparable injury absent a stay; (3) a stay will not substantially injure the other parties interested in

the proceeding; and (4) a stay will not harm the public interest. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

In *Reilly v. City of Harrisburg*, the Third Circuit clarified the application of these four factors in considering a motion for a preliminary injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017) ("If these gateway factors [substantial likelihood and irreparable injury] are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."). In *Reilly*, the Third Circuit also noted that "[i]n the parallel stay-pending-appeal context, where the factors are the same as for the preliminary injunctions, we also follow [this] analytical path." *Id.* at 176 n.2 (citing *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015)); *see also Adams v. Carney*, No. 17-cv-181, 2018 WL 3105113, *3 n.35 (D. Del. June 25, 2018) ("Although *Reilly* discusses the standard for a preliminary injunction, 'the standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction.'" (quoting *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13–cv-1144, 2013 WL 1277419, *1 (3d Cir. Feb. 8, 2013))). In the instant case, the court finds that the Commonwealth has not met one of the gateway factors and, even if it had done so, the balance of the factors would still weigh against the imposition of a stay pending appeal.

3

### III. Discussion

#### A. Substantial likelihood

In the context of a stay pending appeal, "substantial likelihood" means a showing significantly better than negligible but not necessarily more likely than not. *In re Revel*, 802 F.3d at 571. In support of its motion for a stay, the Commonwealth argues that the legislature was justified in relying on historical evidence of corruption in the gaming industry from neighboring states such as New Jersey and, similarly, that state courts such as a New Jersey intermediate appellate court and the Louisiana Supreme Court have upheld similar laws. The court addressed these arguments in its memorandum accompanying its order granting summary judgment and found them unavailing. Essentially, the Commonwealth simply argues that the Court of Appeals may disagree with this court's interpretation of the applicable law without pointing to any clear errors or erroneous findings by this court. "'Mere repetition of arguments previously considered and rejected cannot be characterized as a strong showing' of a likelihood of success on the merits." *Cottillion v. United Ref. Co.*, No. 09-cv-140E, 2014 WL 7344005, *3 (W.D. Pa. Dec. 23, 2014) (quoting *Schwartz v. Dolan*, 159 F.R.D. 380, 383-84 (N.D.N.Y. 1995)); *cf. In re Los Angeles Dodgers LLC*, 465 B.R. 18, 31 (D. Del. 2011) (finding a substantial likelihood of success on the merits where party seeking a stay articulated a clear error of law by the

4

bankruptcy court). Although the court acknowledges that the Third Circuit may disagree with this court's reasoning, the Commonwealth has made no affirmative demonstration that it has a likelihood of success on the merits of its appeal other than reiterating its arguments made at the summary judgment stage. Accordingly, this court finds that the Commonwealth has failed to meet its burden to justify a stay pending appeal.

## B.  Irreparable injury

Although the Commonwealth has put forth no evidence that any individual who would have been covered by Section 1513 has made contributions that would have run afoul of Section 1513, let alone in such amounts as to undermine integrity in the entire statewide gaming industry, if this court's decision were reversed, the Commonwealth will have little recourse to undo the alleged harm caused by such contributions. If the Commonwealth is correct and the complete ban is lawful, it would be difficult, if not impossible, for the Commonwealth to force political entities to refund contributions barred by Section 1513. Thus, the Commonwealth would suffer irreparable harm in the form of technical violations of the statute. The court, however, finds that the Commonwealth's argument is speculative to the extent it argues that the contributions would undermine the overall integrity of the gaming industry.

### C. Injury to other parties and public interest

In this case, the potential injury to other parties and the public interest are one and the same. It has long been settled that there is no public interest in enforcing an unconstitutional statute. *See K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 114 (3d Cir. 2013) ("[T]he enforcement of an unconstitutional law vindicates no public interest."); *see also Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 ("[I]njunctions protecting First Amendment freedoms are always in the public interest."). In contrast, the deprivation of Constitutional freedoms nearly always constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971)). Accordingly, the harm faced by Plaintiffs and the public at large if a stay were instituted would be irreparable and such a stay would be contrary to the public interest.

### IV. Conclusion

For the reasons set forth above, the court finds that the Commonwealth has failed to meet the standards required for a stay pending appeal because it has failed to show a substantial likelihood of success on the merits of its appeal and irreparable harm to Plaintiffs and the public interest would result from the imposition of a stay.

An appropriate order will follow.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: December 12, 2018